Winterbaum v. Duesel.          *93 N. J. L.*

---

FANNIE WINTERBAUM, APPELLANT, v. IDA A. DUESEL, RESPONDENT.

Submitted March 20, 1919—Decided May 3, 1919.

The defendant, a married woman, living separate and apart from her husband, purchased real estate and caused it to be conveyed by the vendor to her mother, she executing a mortgage for a part of the purchase price, the defendant paying the balance. When the conveyance was delivered the mother executed a declaration of the trusts upon which she held the title, which were (*a*) to collect the rents, pay interest, taxes and other charges, and the balance to the defendant; (*b*) to convey the land to any person to whom the defendant might, in writing, direct and pay the consideration price, less charges, to the defendant, and, if not so directed, to convey to such person as the defendant might direct by her last will and testament, or on failure to thus appoint to convey to defendant's daughter. With the title so held the defendant entered into a written contract with the plaintiff to sell her the land and tendered a deed duly executed by the trustee which the plaintiff refused to accept because it was not signed by the husband of the defendant, they having a child living. The only objection to the deed of the trustee was that the de-

fendant's husband has a contingent right by curtesy which might be consummated on the death of the defendant, his wife. *Held,* that in order to consummate an estate by the curtesy in the husband at the death of the wife, a child having been born to them, the wife must have a beneficial interest under the trust deed at her death, and that all beneficial interest of the wife in the land ended when the trustee conveyed according to the terms of the trust, during the life of the wife, and that the deed of the trustee would remove the foundation upon which estate by the curtesy rests or can be consummated as to any beneficial interest the wife may have had under the trust deed.

On appeal from First District Court of Newark.

Before Justices BERGEN, KALISCH and BLACK.

For the appellant, *William Greenfield.*

For the respondent, *Nathan H. Berger.*

The opinion of the court was delivered by

BERGEN, J. The defendant, a married woman, living separate and apart from her husband, purchased real estate and caused it to be conveyed by the vendor to her mother, she executing a mortgage for a part of the purchase price, the defendant paying the balance. When the conveyance was delivered the mother executed a declaration of the trusts upon which she held the title, which were (*a*) to collect the rents, pay the interest, taxes and other charges, and the balance to the defendant; (*b*) to convey the land to any person to whom the defendant might, in writing, direct and pay the consideration price, less charges, to the defendant, and, if not so directed, to convey to such person as the defendant might direct by her last will and testament, or, on failure to thus appoint, to convey to defendant's daughter. With the title so held the defendant entered into a written contract with the plaintiff to sell her the land and tendered a deed duly executed by the trustee which the plaintiff refused to accept because it was not signed by the husband of the defendant, they having a child living. The only objection to

the deed of the trustee was that defendant's husband has a contingent right by curtesy which might be consummated on the death of the defendant, his wife.

When the contract was made the plaintiff paid the defendant $100 on account of the purchase price, and after her refusal to accept the deed brought suit to recover the deposit in which a judgment was ordered for the defendant and the plaintiff appeals, claiming that the title was defective and therefore the defendant bound to refund the sum paid.

The question raised here is not the right of the defendant's husband to a consummated estate by the curtesy if the defendant had retained her beneficial interest until her death, but whether the husband has a contingent interest after a conveyance by the trustee which could be consummated into an estate by the curtesy after the death of his wife, notwithstanding a conveyance during her lifetime by her trustee in accordance with the terms of the trust, by direction of the wife.

Our Married Woman's act destroyed curtesy initiate, and during the life of the wife she may dispose of her property as if she were a *feme sole.* If the title is in her name she cannot convey it unless her husband join in the deed, but if held in trust, subject to her direction, the trustee may convey as she shall appoint, and that being done, she is no longer seized beneficially or otherwise, and no estate by the curtesy remains to be consummated at her death. It was held in *Porch* v. *Fries,* 18 *N. J. Eq.* 204, that the Married Woman's act did not defeat curtesy, *provided the wife had not aliened.* In *Cushing* v. *Blake,* 29 *Id.* 405, the Chancellor held that the separate estate of the wife may be aliened, and the trustee would be bound to convey the legal estate to the grantee of the wife, and in the same case on appeal (30 *Id.* 689) the Court of Errors and Appeals held that a power of appointment does not bar curtesy if the wife fail to exercise it. The converse of the proposition seems to be that where the wife has a power of appointment under a trust deed, and exercises that power, the husband has no estate by the curtesy to be consummated after her death.

The Married Woman's act creates an estate in land owned by the wife which is absolute and beyond the control of her husband, and there is no reason why she may not hold a title in the name of a trustee with power of alienation.

We are of opinion that the deed tendered was sufficient to pass the title to the land, free from the contingency of an estate in the husband by curtesy, to be consummated if he survived his wife, and that being the only reason upon which the plaintiff rests her right to rescind the contract of sale, the judgment should be affirmed, with costs.